IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG MULHOLLAND,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL THOMPSON.,<br><br>    Respondent. | No.  2:21-CV-1364-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  Pending before the Court is Respondent's motion to dismiss, ECF No. 10.  Respondent's motion is supported by an attached Appendix, ECF No. 10-1, which consists of the district court record on Petitioner underlying federal criminal case in the Eastern District of New York.[2]

/ / /

/ / /

/ / /

---

[1]  The current petition is a second or successive petition.  Petitioner previously sought relief under 28 U.S.C. § 2241 in Mulholland v. Thompson, 2:21-CV-0374-WBS-DMC-P.  That action, which alleged entitlement to early release under the First Step Act, was dismissed for lack of standing, failure to state a claim, and failure to exhaust administrative remedies.

[2]  Petitioner was convicted in the Eastern District of New York case pursuant to a stipulated plea agreement.  See ECF No. 10, pg. 1.  Petitioner is currently serving a 144-month sentence.  See id.

Petitioner states that he seeks relief under the "safety valve" provision of § 2241. See ECF No. 1, pg. 1.  According to Petitioner, this provision allows him to challenge his federal conviction even though he is not eligible to seek relief under 28 U.S.C. § 2255.  See id. Respondent offers the following background facts based on the record attached in the Appendix to his motion:

> From at least late 2010 through September 2014, Petitioner, as a leader and organizer, participated in a large international conspiracy to commit securities fraud, tax fraud, and money laundering via defrauding investors in various U.S. publicly traded companies. *See* Appendix pp 36-68, 82-96. *See also* 18 U.S.C. § 1956(h). Petitioner and his co-conspirators — operating through the "Mulholland Group" — manipulated stock of more than 40 companies, utilized shell financial structures, and diverted funds and transactions via offshore brokerage firms. Petitioner Mulholland, by fraud and false statements, obtained more than $250 million from countless manipulated and deceived stock traders (victims). *Id*.
> On 5/9/16, Petitioner pled guilty to Count Three of the EDNY superseding indictment charging him with money laundering, in violation of 18 U.S.C. § 1956(h), in connection with the proceeds of his international securities fraud conspiracy. In Petitioner's plea agreement, in exchange for benefits (including dismissal of counts warranting additional incarceration), Petitioner stipulated to U.S.S.G. provision applications resulting in a 144-month term of imprisonment. *See* Appendix p 73. On 2/23/17, Petitioner, pursuant to his own plea agreement stipulations (demanding application of U.S.S.G. guidelines and dismissal of counts to obtain a minimized period of incarceration), was sentenced consistent with his plea agreement demands to serve only 144-months in federal custody. *Id.* pp 82-96 Petitioner was additionally ordered to pay a $100 special assessment and to serve a 36-month term of supervised release after completion of his prison sentence. *Id.* Since Petitioner's scheme involved money laundering and acts to conceal and disguise illicit proceeds — again consistent with Petitioner's own concessions via plea agreement — the EDNY sentencing court ordered Petitioner forfeit numerous items of real property, aircraft, personal property, and money in escrow and bank accounts. *Id.* Petitioner was serving his 144-month term of imprisonment in the EDCA (at FCI-Herlong) at the time Petitioner filed the underlying successive § 2241 petition.

ECF No. 10, pg. 2.

Under 28 U.S.C. § 2255(e) – the so-called "savings clause" provision – Petitioner may challenge the legality of his confinement by way of a § 2241 petition but only if he makes a showing of actual innocence and lack of an "unobstructed procedural shot at presenting that claim [under § 2255]."  Shepherd v. Warden, FCI Tucson, 5 F.4th 1075 (9th Cir. 2021).  The Court agrees with Respondent that Petitioner cannot make this two-fold showing because, as outlined

above, Petitioner's guilty plea forecloses any colorable claim of actual innocence. Moreover, as Petitioner concedes in his petition, it was his choice not to file a § 2255 petition in the Eastern District of New York. See ECF No. 1, pg. 3. Thus, there was no obstruction to his opportunity to seek relief under § 2255. To the extent Petitioner relies on Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), for the proposition that a petitioner may assert actual innocence under a mandatory sentencing scheme, such reliance is misplaced here because, as Respondent notes, Petitioner was sentenced under advisory – not mandatory – sentencing guidelines. See Shepherd, 5 F.4th 1075.

Based on the foregoing, the undersigned recommends that:

1.  Respondent's motion to dismiss, ECF No. 10, be granted; and
2.  All other pending motions, ECF Nos. 17 and 22, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 30, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE